UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| DENNIS GOSNELL | ) | |
| | ) | |
| V. | ) | NO. 2:15-CV-194 |
| | ) | |
| JERRY GOSNELL, ET AL | ) | |

| | | |
|---|---|---|
| SHERRY ROLLINS | ) | |
| | ) | |
| V. | ) | NO. 2:15-CV-195 |
| | ) | |
| JERRY GOSNELL, ET AL | ) | |

REPORT AND RECOMMENDATION

Attorney Larry V. Roberts, who originally filed these two actions and represented the respective plaintiff in each one, has filed Motions for Attorney Liens [Docs. 35 and 39] with respect to each of the named plaintiffs, Shirley Rollins and Dennis Gosnell. These Motions were referred to the undersigned for a Report and Recommendation [Docs. 36 and 41] by the District Judge.

With respect to Plaintiff Shirley Rollins, Attorney Roberts is seeking an attorney lien for itemized expenses in the amount of $1,693.44. These are for out of pocket sums paid by him to obtain medical records, accident reports, filing fees, and sums expended to obtain service of process on the defendants.

With respect to Plaintiff Dennis Gosnell, Attorney Roberts is seeking an attorney lien for similar itemized expenses in the amount of $1,115.57.

Both plaintiffs, now represented by other counsel, have not filed any response in opposition to the Motions.

Tennessee Code Annotated §23-2-102 provides as follows:

Attorneys and solicitors of record who begin a suit shall have a lien upon the plaintiff's or complainant's right of action from the date of the filing of the suit.

Also, in the case of *Peoples National Bank of Washington v. Robert Haden King, Jr., et al*, 697 S.W.2d 344 (Tenn. 1985), the Tennessee Supreme Court held that, as to expenses of an attorney who files suit, this statutory lien applies to such expenses fronted by counsel which "were directly, necessarily and reasonably incurred in the prosecution (of the suit.)" *Id.*, at 347.

Based upon the fact that the present lawyers for the plaintiffs have not opposed the Motion for these claimed expenses, it appears that there is no dispute that they were directly, necessarily and reasonably incurred by Attorney Roberts in the prosecution of these actions.

It therefore appears to the undersigned that Attorney Roberts is entitled under the statute to a lien upon any sums recovered in this case for the listed expenses as to the respective recovery of either plaintiff. Accordingly, it is respectfully recommended that the Motions [Docs. 35 and 39] be GRANTED, and that Attorney Roberts have a lien against the proceeds of any settlement or judgment by Ms. Rollins in the amount of

$1,693.44, and against any such proceeds of settlement or judgment by Mr. Gosnell in the amount of $1,115.57. [1]

       Respectfully submitted,

                                    s/ Clifton L. Corker
                                    UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this report and recommendation must be filed within fourteen (14) days of its service or further appeal will be waived. 28 U.S.C. 636(b)(1).